UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER BLAKE STITES,<br><br>   Plaintiff,<br><br>v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>   Defendant. | Case No.: 3:25-cv-00009-CAB-SBC<br><br>**ORDER REMANDING FOR EVALUATION OF PARAGRAPH C CRITERIA**<br><br>[Doc. No. 10] |

On January 2, 2025, Plaintiff Chrisopher Blake Stites ("Plaintiff" or "Stites") filed a complaint challenging Defendant Commissioner of Social Security's ("Commissioner" or "Agency") denial of his application for Social Security Disability and Supplemental Security Income ("SSI") benefits. [Doc. No. 1 ("Compl.") at 1.] Briefing on the merits is complete. [Doc. Nos. 10 ("Opening"), 13 ("Opposition"), and 14 ("Reply").] Having considered the parties' arguments, applicable law, and the record before it, and for the reasons discussed below, the Commissioner's decision is **REMANDED** with instruction to evaluate whether Plaintiff's mental impairments establish the paragraph C criteria.

///

///

///

///

## I. BACKGROUND

### A. Procedural History

Pursuant to the Social Security Act ("the Act"), Plaintiff applied for SSI on June 22, 2022, alleging disability commencing on May 13, 2004. [Doc. No. 8-2 at 18.] The Social Security Administration ("SSA") denied the application initially and on reconsideration. [*Id.*] Plaintiff timely requested a hearing before an Administrative Law Judge ("ALJ"), and on January 18, 2024, the ALJ held a hearing. [*Id.*] On February 15, 2024, the ALJ found that Plaintiff was not disabled. [*Id.* at 15, 29.] Plaintiff timely appealed, and the Appeals Council affirmed the ALJ's decision on October 30, 2024. [*Id.* at 2.] Plaintiff timely initiated this action seeking judicial review of the ALJ's February 2024 decision.

### B. Summary of the ALJ's February 2024 Decision

To reach the conclusion that Plaintiff was not disabled, the ALJ followed the SSA's five-step sequential evaluation process to determine whether Plaintiff was disabled. [Doc. No. 8-2 at 15–19; *see also* 20 CFR 416.920(a).] At step one, the ALJ determined that Plaintiff had "not engaged in substantial gainful activity since June 1, 2022," the alleged disability onset date. [Doc. No. 8-2 at 20.] At step two, the ALJ found Plaintiff had several severe impairments that "significantly limit the ability to perform basic work activities as required by SSR 85-28." [*Id.* at 21.] At step three, the ALJ found Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 416.920(d), 416.925 and 416.926)." [*Id.* at 21.] The ALJ found that even though the Petitioner has asthma, he "has the residual functional capacity to perform medium work[.]" [*Id.* at 24.] Further, the ALJ found that "the objective medical evidence . . . does not support the extent of [Plaintiff's] alleged symptom severity and functional limitations." [*Id.* at 28.] Finally, at step five, the ALJ found that "there are jobs that exist in significant numbers in the national economy that [Plaintiff] can perform[.]" [*Id.*]

///

///

## II. STANDARD OF REVIEW

"The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and for resolving ambiguities." *Andrews v. Shalala,* 53 F.3d 1035, 1039 (9th Cir. 1995). A reviewing court may set aside the Commissioner's denial of benefits "only if the ALJ's decision was not supported by substantial evidence in the record as a whole or if the ALJ applied the wrong legal standard." *Coleman v. Saul*, 979 F.3d 751, 755 (9th Cir. 2020); *see* 42 U.S.C. § 405(g). Substantial evidence is "more than a mere scintilla, and means only such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 587 U.S. 97, 103 (2019) (quotation marks omitted) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). The Supreme Court characterized the substantial evidence threshold as "not high" and "defer[ential] to the presiding ALJ, who has seen the hearing up close." *Biestek*, 587 U.S. at 108; *see also Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009) (substantial evidence "is a highly deferential standard of review"). Where "the evidence can reasonably support either affirming or reversing a decision, we may not substitute our judgment for that of the [ALJ]." *Garrison v. Colvin*, 759 F.3d 995, 1010 (9th Cir. 2014); *see also Ford v. Saul*, 950 F.3d 1141, 1154 (9th Cir. 2020) ("If the evidence 'is susceptible to more than one rational interpretation, it is the ALJ's conclusion that must be upheld.'").

## III. DISCUSSION

Plaintiff presents four issues for the Court's review, arguing that the ALJ erred as to each: (1) whether the ALJ "addressed [Plaintiff's] Mental Impairments [at step three] as required by the Federal Regulations"; (2) whether the ALJ "included the combination of impairments in the [residual functional capacity]"; (3) whether the ALJ "met his burden of proof at Step Five"; and (4) whether the ALJ "provided clear and convincing reasons to disregard [Plaintiff's] statements" about his physical and mental health problems. [Doc. No. 10 at 7.] Because the ALJ provided insufficient analysis of the Paragraph C criteria, the Court addresses only the first issue.

///

### A. Step Three Finding

Plaintiff challenges the ALJ's finding of mental limitations at step three. [*Id.* at 7–15.] At step three, ALJs consider whether a claimant meets or equals a series of listings that describe impairments that would automatically prevent any gainful activity. *Sullivan v. Zebley*, 493 U.S. 521, 532 (1990). To prove an impairment is per se disabling under one of these listings, a claimant must show that the impairment satisfies "*all* of the specified medical criteria[;] An impairment that manifests only some of those criteria, no matter how severely, does not qualify." *Id*. at 530; *see also Kennedy v. Colvin*, 738 F.3d 1172, 1176 (9th Cir. 2013) ("[Step three listings] are purposefully set at a high level of severity because the 'listings were designed to operate as a presumption of disability that makes further inquiry unnecessary.'"). To qualify for a mental health listing, a claimant must meet the "paragraph B" or "paragraph C" for criteria for those listings. *See* 20 C.F.R. Pt. 404, Subpt. P, App. 1, §§ 12.04(B), 12.06(B), 12.08(B), 12.11(B).

#### 1. Paragraph B

To meet the "paragraph B" criteria of a mental health listing, a claimant must have extreme limitation of one, or marked limitation of two, of the following areas of mental functioning: (1) understand, remember, or apply information (paragraph B1); (2) interact with others (paragraph B2); (3) concentrate, persist, or maintain pace (paragraph B3); and (4) adapt or manage oneself (paragraph B4). Here, the ALJ considered the severity of Plaintiff's mental impairments "singly and in combination" and found that they did not meet or medically equal the criteria. [Doc. No. 8-2 at 22.]

The crux of Plaintiff's argument with respect to the ALJ's finding of moderate impairment of understanding, remembering, or applying information (paragraph B1) is that the ALJ should have prioritized Plaintiff's 2020 memory testing, which the ALJ acknowledged showed Plaintiff's memory "fell below expected levels given cognitive skills and [that] the [Plaintiff] was in the extremely low range of memory ability." [*Id.*] However, given the 2020 testing was two years before the alleged onset date, the ALJ properly considered multiple other sources of evidence within the relevant period,

including testing in 2022 that showed an IQ in the normal range and Plaintiff's own testimony that he was "on track to graduate high school and wants to go to college to study music[.]" [Doc. No. 8-2 at 22–23]; *see also* 20 C.F.R. Pt. 404, Subpt. P, App. 1, §12.00(C)) (describing the kinds of evidence used to determine a claimant's mental disorder, including longitudinal medical evidence and educational attendance).

With respect to interacting with others (paragraph B2), Plaintiff argues that Plaintiff's history of school expulsion, inpatient treatment including psychiatric hospitalizations, and lack of friends contradicts the ALJ's finding of a moderate limitation in this category. [Doc. No. 10 at 11.] Plaintiff also argues that the ALJ based his evaluation on isolated instances of improvement, which is impermissible. [*Id.* (citing *Alan F. v. Kijakazi*, No. 22-CV-1771-MSB, 2024 U.S. Dist. LEXIS 15512, at *44–45 (S.D. Cal. Jan. 29, 2024)).] Respondents counter that the ALJ considered and cited the mixed evidence in this category and based his conclusion on substantial evidence of Plaintiff's ability to interact with others. [Doc. No. 13 at 17.]  The Court agrees. The ALJ considered Plaintiff's self-reports of lack of friends and desire to self-isolate, as well as contrasting evidence of Plaintiff's interactions at the hearing and reports from his teachers that he was a "very helpful student who gets along well with his peers and school staff." [Doc. No. 8-2 at 23 (citing Doc. No. 8-8 at 121, 125).]

With respect to concentrating, persisting, or maintaining pace (paragraph B3), the ALJ found that Plaintiff had a moderate limitation. [Doc. No. 8-2 at 23.] Plaintiff simply re-asserts evidence that the ALJ expressly considered. [Doc. No. 10 at 12.] The Court sees no argument for error in Plaintiff's briefing, let alone a lack of substantial evidence for this factor.

Finally, with respect to adapting or managing oneself (paragraph B4), the ALJ found that Plaintiff had a moderate limitation. [Doc. No. 8-2 at 23–24.] Plaintiffs contend that the ALJ did "not resolve the conflict between moderate limitations and the record establishing marked to extreme" difficulty adapting or managing oneself. [Doc. No. 10 at 13.]  The evidence Plaintiff cites for this error includes his anxiety, difficulty

communicating, and "a history of extreme difficulty getting along with others." [*Id.*] The ALJ expressly considered this evidence and weighed it against contrasting evidence from multiple sources that Plaintiff "was able to participate in daily activity" including using public transportation and actively participating in a job training program. [Doc. No. 8-2 at 23.]

At bottom, Plaintiff's arguments amount to a disagreement with the way in which the ALJ weighed the available evidence. But it is not this Court's role to re-weigh the evidence. We find that substantial evidence supports the ALJ's paragraph B decision.

### 2. Paragraph C

Plaintiff argues that the ALJ "failed to address paragraph C[.]" [Doc. No. 10 at 13.] Plaintiff cites the fact that he attends special education at his high school, has been psychiatrically hospitalized twice, attended an approximately 1-month intensive outpatient program, and has seen a psychiatrist since 2015. [Doc. No. 10 at 14–15.] The Court agrees.

The ALJ summarily concluded that "the record fails to document the existence of any of [the paragraph C] criteria." [Doc. No. 8-2 at 24.] This summary conclusion—devoid of any analysis of Plaintiff's treatment history—is inadequate. *See Marcia v. Sullivan*, 900 F.2d 172, 176 (9th Cir. 1990) ("[T]he ALJ must explain adequately his evaluation of alternative tests and the combined effects of the impairments."). Indeed, the Commissioner implicitly concedes that the ALJ did not sufficiently explain his paragraph C finding by arguing that "the ALJ explained [Plaintiff's mental health treatment] *elsewhere in the decision*[.]" [Doc. No. 13 at 20 (emphasis added).]

The Court cannot meaningfully evaluate whether the ALJ's finding is supported by substantial evidence and therefore **REMANDS** the decision with instruction to reevaluate whether Plaintiff's mental impairments establish the paragraph C criteria. Because the sequential evaluation process relies on the ALJ's prior findings and conclusions, the Court does not reach Plaintiff's arguments related to his residual functional capacity or steps four or five.

///

### IV. CONCLUSION

Based on the foregoing, the Court **REMANDS** the decision with instruction to reevaluate whether Plaintiff's mental impairments establish the paragraph C criteria.

It is **SO ORDERED.**

Dated: December 3, 2025

Hon. Cathy Ann Bencivengo
United States District Judge