

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER BLAKE STITES,<br><br>                                    Plaintiff,<br><br>v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>                                    Defendant. | Case No.:  3:25-cv-00009-CAB-SBC<br><br>**ORDER DENYING MOTION FOR RECONSIDERATION**<br><br>[Doc. No. 17] |

Plaintiff Christopher Blake Stites ("Plaintiff") filed a complaint seeking review of the decision of Defendant Commissioner of the Social Security Administration denying his application for Social Security Disability and Supplemental Security Income ("SSI") benefits.  The Court remanded to the Administrative Law Judge ("ALJ") for consideration of the paragraph C criteria.  [Doc. No. 16.]  Defendant has now moved for reconsideration of that order under Local Rule 7.1(i) because the substantial evidence supporting the ALJ's step three paragraph C finding was located elsewhere in the opinion.  [Doc. No. 17 at 1–2.]  For the following reasons, the Court **DENIES** the motion for reconsideration.

Under Fed. R. Civ. P. 59(e), a district court may reconsider and amend a previous order if the district court committed clear error. *Kaufmann v. Kijakazi*, 32 F.4th 843, 850 (9th Cir. 2022).  However, reconsideration is an "extraordinary remedy, to be used

3:25-cv-00009-CAB-SBC

sparingly in the interests of finality and conservation of judicial resources." *Kona Enterprises, Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000).

The paragraph C inquiry asks whether the claimant has a "serious and persistent" mental disorder, that is, the claimant must have a medically documented history of the existence of the disorder over a period of at least 2 years. 20 C.F.R. § Pt. 404, Subpt. P, App. 1 § 12.00(G). It also requires evidence of both: medical treatment, mental health therapy, psychosocial support(s), or a highly structured setting(s) that is ongoing and that diminishes the symptoms and signs of the claimant's mental disorder ("C1 criteria") *and* marginal adjustment, that is, the claimant has minimal capacity to adapt to changes in their environment or to demands that are not already part of their daily life ("C2 criteria"). *Id.* at § 12.00(G)(2)(b)–(c). Here, the ALJ found that "the record fails to document the existence of any of these criteria." [Doc. No. 8-2 at 24.]

Defendant first argues that the ALJ's paragraph B analysis of Plaintiff's performance at school via his Individualized Education Plan ("IEP") provides substantial evidence that the C1 criterion was not met. [Doc. No. 17 at 5.] Even assuming that the evidence from Plaintiff's IEP and school program meet the criteria for "medical treatment, mental health therapy, psychosocial support(s) or a highly structured setting(s) that is ongoing,"[1] it is unclear how the cited paragraph B evidence of Plaintiff's positive performance at school supports a conclusion that "the record fails to document the existence of [ongoing treatment that diminishes the signs and symptoms of the claimant's mental disorder.]" [Doc. No. 8-2 at 24]. To the contrary, it directly contradicts the ALJ's paragraph C conclusion because it shows that Plaintiff *did* participate in a structured program, albeit not medical, *and* experienced improvement.

---

[1] The Court notes that the C1 criterion emphasizes evidence of "*medical* treatment," "*medical* evidence," and "*medical* practice" to treat a "*medical* condition." 20 C.F.R. § Pt. 404, Subpt. P, App. 1 § 12.00(G)(2)(b) (emphasis added).

3:25-cv-00009-CAB-SBC

Defendant also argues that the ALJ's paragraph B finding that Plaintiff has a moderate limitation in adapting or managing oneself provides substantial evidence for the ALJ's finding that Plaintiff did not satisfy the C2 criterion. [Doc. No. 17 at 4 (referring to Doc. No. 8-2 at 23–24).] The Court disagrees.

The paragraph B criteria are not a substitute for the paragraph C criteria; they are an "alternative." 20 C.F.R. § Pt. 404, Subpt. P, App. 1 § 12.00(G)(1). In other words, the evidence that is examined is different for each. For example, the paragraph B criteria for adapting and managing oneself "refers to the abilities to regulate emotions, control behavior, and maintain well-being in a work setting." *Id.* at § 12.00(E)(4). On the other hand, the C2 criterion asks whether:

> [D]espite [the claimant's] diminished symptoms and signs [due to treatment], [he has] achieved only marginal adjustment. "Marginal adjustment" means that [the claimant's] adaptation to the requirements of daily life is fragile; that is, [the claimant] ha[s] minimal capacity to adapt to changes in [his] environment or to demands that are not already part of [his] daily life.

*Id.* at § 12.00(G)(2)(c). The Court therefore concluded it could not, and still cannot, meaningfully evaluate whether the ALJ's finding as to the C2 criterion is supported by substantial evidence by simply looking to the evidence supporting the ALJ's paragraph B analysis. In particular, the paragraph B analysis focuses on behaviors "in a work setting" and the ALJ thus concluded that Plaintiff "can adapt to occasional changes in the workplace." On the other hand, the C2 criterion addresses adapting to changes in the environment and daily life more broadly. In doing so, the Court joins many other district courts in the Ninth Circuit that have come to the same conclusion regarding the inability to simply interchange evidence for paragraph B and C. *E.g. Martinez v. Comm'r of Soc. Sec. Admin.*, No. CV-22-00504-TUC-JR, 2023 WL 5346033, at *7 (D. Ariz. Aug. 21, 2023); *J.A. v. Kijakazi*, No. 20-CV-07142-VKD, 2022 WL 2181693, at *13 (N.D. Cal. June 16, 2022).

The Ninth Circuit's opinion in *Kaufmann v. Kijakazi*, 32 F.4th 843 (9th Cir. 2022) does not change the Court's conclusion. There, the district court originally erred by

overlooking the ALJ's full explanation and therefore missing substantial evidence supporting the ALJ's conclusion that the claimant's alleged limitations were contradicted with evidence of her daily activities. *Id.* at 851. Here, even looking to all of the ALJ's decision, the evidence (1) squarely contradicts the ALJ's conclusion that the C1 criterion was not met, and (2) does not allow the Court to meaningfully evaluate whether the ALJ's paragraph C finding is supported by substantial evidence. While an ALJ is not required to explain a decision with "ideal clarity," the Ninth Circuit "still demand[s] that the agency set forth the reasoning behind its decisions in a way that allows for meaningful review." *Brown-Hunter v. Colvin*, 806 F.3d 487, 492 (9th Cir. 2015).

The Court is not persuaded that its order was incorrect. Accordingly, Defendant's motion for reconsideration is **DENIED**.

It is **SO ORDERED.**

Dated: April 14, 2026

_____
Hon. Cathy Ann Bencivengo
United States District Judge

3:25-cv-00009-CAB-SBC